185 F.3d 8 (2nd Cir. 1999)
 JUAN ANTONIO TAPIA-ORTIZ, Plaintiff-Appellant,
v.
RALPH K. WINTER, AMALYA L. KEARSE, JOHN M. WALKER, JR., JOSEPH M. McLAUGHLIN, DENNIS G. JACOBS, PIERRE N. LEVAL, GUIDO CALABRESI, JOSE A. CABRANES, FRANK I. PARKER, CHESTER J. STRAUB, ROSEMARY S. POOLER, ROBERT D. SACK, WILFRED FEINBERG, JAMES L. OAKES, ELLSWORTH A. VAN GRAAFEILAND, THOMAS J. MESKILL, JON O. NEWMAN, RICHARD J. CARDAMONE, ROGER J. MINER, FRANK X. ALTIMARI, THOMAS C. PLATT, ANDREW WEISSMAN, EILEEN SHAPIRO, and several unknown staff attorneys, Defendants-Appellees.
 Docket No. 99-7035
August Term, 1998
 UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
 Submitted: July 13, 1999.
Decided: Aug. 2, 1999.
 
 Appeal from an order of the United States District Court for the Southern District of New York (Allen G. Schwartz, Judge) dismissing a complaint against twenty judges of the United States Court of Appeals for the Second Circuit, their staff attorneys, a district judge, and an Assistant United States Attorney. We hold that this panel is not disqualified to decide the appeal under the rule of necessity and affirm.
 Juan Antonio Tapia-Ortiz, pro se, White Deer, Pennsylvania, for Plaintiff-Appellant.
 Mary Jo White, United States Attorney for the Southern District of New York (Lisa R. Zornberg, Gideon A. Schor, Assistant United States Attorneys, of counsel), New York, New York, for Defendants-Appellees.
 Before: WINTER, Chief Judge, WALKER, and CABRANES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Juan Antonio Tapia-Ortiz, pro se, appeals from Judge Schwartz's order dismissing his complaint against twenty judges of this court, including each member of this panel; the Second Circuit staff attorneys; a district judge; and an Assistant United States Attorney (AUSA). Appellant is a federal prisoner who alleges that the defendants have violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, by conspiring to obstruct justice. Judge Schwartz dismissed appellant's complaint sua sponte pursuant to Section 805 of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915A(b)(1), because he found it was "frivolous" and "malicious." We hold that, under the rule of necessity, this panel is not disqualified from deciding appellant's appeal and affirm.
 
 
 2
 Appellant was convicted in 1992 for narcotics offenses, see United States v. Tapia-Ortiz, 23 F.3d 738, 739-40 (2d Cir. 1994), and is currently serving a prison term for these crimes. In 1994, he brought a civil action in the Eastern District against the federal law enforcement agents who arrested him and later added the federal government as a defendant. The district court granted the defendants' summary judgment motion. See Tapia-Ortiz v. Doe, 171 F.3d 150, 151 (2d Cir. 1999) (recounting history). On appeal, we affirmed as to the law enforcement agents but vacated as to the government. See id. at 152.
 
 
 3
 The instant complaint was filed after appellant appealed his civil case but before we decided that appeal. In the complaint, appellant alleges as RICO "predicate acts" that this court's judges and staff attorneys have failed to properly address the issues raised in cases on appeal. The complaint reflects fears that we would not adequately address the issues raised in his civil appeal and further alleges that the district judge presiding over both his civil and criminal cases participated in a conspiracy to deny him due process. Appellant does not allege any specific facts, but only that the judge was "biased." Finally, appellant alleges that the AUSA who prosecuted his criminal case presented false testimony from one witness and "bribed" other witnesses to testify pursuant to plea agreements. Appellant requests various forms of declaratory and injunctive relief, including an order that all judges in this circuit recuse themselves from adjudicating his claims. The district court dismissed the complaint sua sponte pursuant to Section 1915A.
 
 
 4
 In ordinary circumstances, each of us would be disqualified from deciding this appeal. See 28 U.S.C. § 455(b)(5)(i) (providing that a federal judge "shall . . . disqualify himself [when] [h]e . . . [i]s a party to the proceeding"). However, under the "rule of necessity," a judge is qualified to decide a case even if he has an interest in it when "the case cannot be heard otherwise." United States v. Will, 449 U.S. 200, 213 (1980) (citation and internal quotation marks omitted) (holding that the rule of necessity is an exception to the recusal mandates in 28 U.S.C. § 455); see also Atkins v. United States, 556 F.2d 1028, 1036 (Ct. Cl. 1977) ("The rule . . . means that a judge is not disqualified . . . because of his personal interest in [a case] if there is no other judge available to . . . decide the case."). Appellant sued all of the active and senior judges serving on this court at the time of his complaint. One judge has begun to serve since then. Accordingly, it is impossible for this court to convene a three-member panel consisting of circuit judges that are not a party to this suit. Under the rule of necessity, then, neither this court nor this panel is disqualified from hearing and resolving this appeal. See Pilla v. American Bar Ass'n, 542 F.2d 56, 59 (8th Cir. 1976) (under the rule of necessity, "where all are disqualified, none are disqualified") (citation omitted). That it is possible to convene a disinterested panel in another circuit does not require transfer here, where appellant has indiscriminately named all then-current Second Circuit judges as defendants, even those who had no role in deciding either of his appeals. See In re City of Houston, 745 F.2d 925, 930-31 n.9 (5th Cir. 1984) (noting that an otherwise disqualified judge can invoke the rule of necessity to hear a case when all judges in his district are disqualified even if there are qualified judges in other districts); Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) ("The Court will not allow plaintiffs to impede the administration of justice by suing every district court judge [in this district] until their case is transferred out of the Seventh Circuit."), aff'd, 894 F.2d 1338 (7th Cir. 1990).
 
 
 5
 We turn now to the merits. Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint sua sponte if, inter alia, the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). We have not previously decided what standard of review applies to an appeal of a dismissal pursuant to Section 1915A, and we need not do so here. Under either a de novo or abuse of discretion standard, the district court's order must be affirmed.
 
 
 6
 A complaint is frivolous when, among other things, it "is based on an indisputably meritless legal theory," i.e., it "lacks an arguable basis in law." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation and internal quotation marks omitted). The claim that the defendants engaged in a RICO conspiracy by failing to properly address issues on appeal and "bribing" witnesses to testify pursuant to plea agreements lacks any arguable basis in law and was properly dismissed as frivolous. Moreover, the complaint falls well short of stating a valid claim because it is devoid of any factual allegations supporting appellant's claims of a criminal conspiracy. He alleged no facts establishing that the circuit judges engaged in a conspiracy to obstruct justice; no facts establishing how the district judge and the AUSA joined the circuit judges in this alleged conspiracy; and no facts establishing that the defendants agreed to participate in a criminal conspiracy. The complaint's conclusory, vague, and general allegations of a criminal conspiracy do not therefore suffice to establish that the defendants participated in a "pattern of racketeering activity" as prohibited by RICO, 18 U.S.C. § 1962. See, e.g., Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 25 (2d Cir. 1990) (dismissing RICO claims because conspiracy allegations were conclusory); see generally De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (dismissing RICO claims where pleadings were "devoid of any specific facts or circumstances"); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (dismissing claims based on allegations of a conspiracy where plaintiff "relie[d] on diffuse averments but [did] not provide a factual basis for his claim or plead overt acts indicating the existence of a conspiracy"); Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy . . . cannot withstand . . . dismiss[al]."). The complaint, therefore, both is frivolous and fails to state a valid claim.
 
 
 7
 It is also malicious. The manifest purpose of appellant's complaint was not to rectify any cognizable harm, but only to harass and disparage the AUSA who prosecuted him, the district judge who sentenced him and rendered a civil judgment against him, and the appellate panel that decided his appeals. Indeed, the primary "relief" appellant seeks is the convening of a grand jury to investigate the defendants' alleged crimes. Section 1915A not only allows, but expressly requires, district courts to dismiss such invectives. See 28 U.S.C. § 1915A(b)(1) (providing that a district court "shall" dismiss a complaint when it is "frivolous, malicious, or fails to state a claim upon which relief may be granted").
 
 
 8
 We therefore affirm.