# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2281

_____

United States of America,            *
                                     *
            Plaintiff-Appellee,      *
                                     *
v.                                   *
                                     *
Annette Lindsey,                     *
                                     *
            Defendant - Appellant.   *

_____

No. 01-2282

_____

Appeals from the United States
District Court for the Western
District of Missouri.

United States of America,            *
                                     *
            Plaintiff - Appellee,    *
                                     *
v.                                   *
                                     *
Charles D. Longley,                  *
                                     *
            Defendant - Appellant.   *

_____

Submitted:  January 15, 2002

Filed: March 25, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Annette Lindsey and Charles D. Longley were found guilty by a jury of conspiracy and attempt to manufacture 100 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (2000), and possessing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). They appeal the denial by the district court[1] of their motions to suppress evidence and to disclose material relating to confidential informants and several other individuals. We affirm.

In February 2000, federal marshals were trying to locate and apprehend Dennis D. Williams, a federal fugitive, and they obtained a search warrant for the home of his stepsister, Annette Lindsey, and his long time associate, Charles D. Longley. The purpose of the warrant was to search for evidence that would reveal where Williams was and that appellants were helping him hide. In an affidavit supporting the warrant application Deputy Marshal Anthony W. Salisbury stated that during the prior week, marshals had flown over the appellants' residence and seen a person there whose build and hair color matched Williams, conducted interviews which indicated that Williams and Longley were drug manufacturing associates, and learned that Williams apparently remained in contact with Lindsey's sister, Julia Forbis. Additional facts in support of the application included mention of a 1998 report that Williams was planning to meet with appellants and a positive identification in 1999 of Williams as the man who had come looking for Lindsey at her place of employment.

A magistrate judge issued the search warrant (SW 17) on February 11, 2000, and it was executed on February 14. When officers discovered drug paraphernalia in plain view while searching the residence, they stopped the search and obtained a second search warrant (SW 19). SW 19 authorized them to seize all drug related

---

[1]The Honorable H. Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

property at the residence and the evidence seized was used to indict and convict the appellants.

Appellants filed a motion to suppress evidence and a motion for disclosure of Rule 16 and Brady information. In their disclosure motion, appellants argued that the government should be required to reveal the identity of the confidential informants referenced in the affidavit to SW 17 and the files related to them, as well as any information possessed by the prosecution about four other individuals named in the affidavit. In their suppression motion, appellants argued that the search of their residence was illegal, unconstitutional and unreasonable because the warrant application and affidavit for SW 17 lacked sufficient probable cause and the evidence collected pursuant to SW 19 was fruit of the poisonous tree and should therefore be suppressed.

United States Magistrate Judge Sarah W. Hays conducted an evidentiary hearing on the motions at which both Deputy Salisbury and Task Force Officer Bradley Slaybaugh testified that the SW 17 warrant had appeared to be facially valid, that everything in the affidavit was true and continued to be so, and that they had believed they had probable cause to search the residence. Both officers also testified that they had not attempted to lie or mislead Chief Magistrate Judge John T. Maughmer when they presented the warrant application and affidavit to him. Magistrate Judge Hays issued a report in which she recommended that both motions be denied. She concluded that SW 17 was supported by probable cause, that the finding of probable cause was not based on any evidence from the confidential informants, and that the requested disclosure information was irrelevant to the suppression decision. Judge Hays further found that even if probable cause were lacking, the good faith exception to the exclusionary rule would apply under United States v. Leon, 468 U.S. 897, 920-22 (1984). Appellants objected, and the district court denied the motions after conducting a de novo review.

Appellants were found guilty by a jury of conspiracy and attempt to manufacture 100 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). They were sentenced under the Sentencing Guidelines (USSG). Longley was sentenced to 136 months for the drug convictions and a consecutive 60 month term for the firearms conviction, and Lindsey was sentenced to 140 months for the drug convictions to be followed by a 60 month term for the firearms offense (Lindsey had a criminal history score of II as opposed to Longley's I).

Appellants contend that the district court erred in denying their motions because SW 17 lacked probable cause and any evidence connected with that warrant and SW 19 should therefore be suppressed. They also assert that they were prevented from raising an effective defense of the unconstitutional search and seizure because information they needed was not disclosed. They also claim that the Leon good faith exception does not apply because the affidavit supporting the warrant lacked probable cause and misled the magistrate by omitting evidence.

The government asserts that both search warrants had probable cause, that the officers relied on the warrants in good faith, and that the appellants have not shown that the Leon good faith exception is inapplicable. The government also argues that the requests for information concerning the confidential informants did not justify disclosure.

We review the decision to deny the disclosure motion for an abuse of discretion. United States v. Chevre, 146 F.3d 622, 623 (8th Cir. 1998), and we conduct a de novo review of the denial of the suppression motion. Ornelas v. United States, 517 U.S. 690, 699 (1996). Findings of historical fact underlying the district court's decision are reviewed for clear error, however, and inferences drawn from those facts by the district court or the officers executing the warrant are afforded "due weight." Id.; see also United States v. Ball, 90 F.3d 260, 262 (8th Cir. 1996).

-4-

Longley correctly cites Roviaro v. United States, 353 U.S. 53, 60-61 (1957), for the proposition that a confidential informer's privilege is not absolute, but a defendant's disclosure request will be denied where the information is sought only to attack an affidavit supporting the search warrant and there is no showing how the information would establish innocence. Rugendorf v. United States, 376 U.S. 528, 534-36 (1964). The Supreme Court has indicated that disclosure of privileged information is not required when applying for an arrest or search warrant. McCray v. Illinois, 386 U.S. 300, 311 (1967).

Consistent with these Supreme Court precedents, we have held that there is generally a strong presumption against disclosure if the confidential informant is a mere "tipster." See United States v. Sykes, 977 F.2d 1242, 1245-46 (8th Cir. 1992); United States v. Skramstad, 649 F.2d 1259, 1265 (8th Cir. 1981); United States v. Barnes, 486 F.2d 776, 778 n.3 (8th Cir. 1973). In order to overcome the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). To establish materiality, the burden is on defendants to demonstrate that there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 878 (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).

Appellants have not met their burden of establishing materiality for the disclosure they sought. They have not shown that any of the information would have had an impact on the determination of their guilt or innocence. Their arguments are based only on speculation, and we are reluctant to sanction a fishing expedition. The district court did not abuse its discretion in denying their disclosure motions.

We do not need to reach the question of whether SW 17 was supported by probable cause because the Leon good faith exception supports the admissibility of the evidence seized pursuant to the warrants. In Leon the Supreme Court held that

the Fourth Amendment exclusionary rule should not be applied to evidence seized in good faith reliance on a judge's finding of probable cause, even if the search warrant is later determined to be invalid. 468 U.S. at 921-22. The officer's reliance must be objectively reasonable, however. Id. at 922-23. The good faith exception will not apply if: (1) the judge issuing the warrant was misled by statements that the affiant knew were false or would have known were false except for "his reckless disregard of the truth;" (2) "the issuing magistrate wholly abandoned his [or her] judicial role;" (3) the affidavit in support of the warrant is "so lacking in indicia or probable cause as to render official belief in its existence entirely unreasonable;" or (4) the warrant is "so facially deficient… that the executing officers cannot reasonably presume it to be valid." Id. at 923.

Appellants do not suggest that the warrant was facially defective or that Chief Magistrate Judge Maughmer abandoned his neutral and detached position or acted as a rubber stamp. Rather, they claim that the affidavit supporting SW 17 so lacked sufficient probable cause that belief in its validity was unreasonable and that the magistrate judge was misled by misrepresentations and omissions. Nothing in the record supports such assertions. We do not find the affidavit so lacking in indicia of probable cause that no reasonably well trained officers would have relied on the warrant. Nor is there is any evidence that Deputy Salisbury acted with a reckless disregard for the truth or deliberately omitted information in an attempt to mislead the magistrate judge. His affidavit did not hide the fact that some of the information supporting the search warrant was nearly two years old or that surveillance conducted on the appellants' home had not turned up unlawful activity. Appellants have not cited any specific omissions that would have misled the judge or demonstrated how any such omissions would have negatively impacted the finding of probable cause. We also conclude that disclosure of the confidential informants was not relevant to a finding of probable cause.

We conclude that the officers acted reasonably and with good faith in executing SW 17, and that they were lawfully in position to see the contraband in appellants'

residence. Only after they obtained the second warrant did they continue their search and seize evidence. It was also objectively reasonable for officers to believe that the SW 19 warrant was valid. See United States v. White, 890 F.2d 1413, 1419 (8th Cir. 1989), cert. denied, 498 U.S. 825 (1990).

For the foregoing reasons, the district court did not err in denying the motions for suppression and for disclosure, and the judgments of the district court are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.