Alberto CONCEPCION, Appellant,

v.

Scott A. RESNIK; Alfred J. Lechner, Jr.; Carolyn Murray; Robert J. Cleary; Thomas R. Ashley; Ashley & Charles; Michael A. Armstrong; John S. Furlong; Catherine M. Brown; Esther Salas; Jerome Ballarotto; John F. Murphy, Jr.; Kenneth Shuey; Nicholas Mendez; Nicholas Vince; Peter Mickwalter; Joseph J. Santiago; Barry J. Collicelli; James O'Conner; Jerry O'Conner; Robert Boyer; Anthony Arsey; Madaline Loper, a/k/a Madline Gacta; Detective Julian Jova; Howard W. Bailey; Nicole Amato; Mark Arderl; John Azzarello; Maureen Kelly–Leon; Joseph J. Napurano; Beth L. Neuguss; Jennie Perez–Ray; Shawna Yen; Joanne M. Bilancia–Young; Derek White; Clerk William T. Walsh; Thomas McTigue; Warden John Nash; Deneen P. Sweet; A. Matevousin; Rick Lavella; C. Bergan; Ronald J. Hedges; Susan J. Steele; Stuart A. Minkowitz; Christopher Fair; John W. Bissell; Paul W. Bergain; Michael Brown; James M. Munley; John D. Caruso; Lee H. Vicker; George S. Leone.

No. 05–1840.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 July 8, 2005.

Decided July 27, 2005.

424

Alberto Concepcion, White Deer, PA, pro se.

Thomas R. Ashley, Ashley & Charles, Newark, NJ, pro se.

James B. Clark, III, Office of United States Attorney, Gary S. Lipshutz, Newark, NJ, Darryl W. Simpkins, Simpkins & Simpkins, Hillsborough, NJ, for Defendants.

Before RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Alberto Concepcion, an inmate at F.C.I.—Allenwood, brought suit for alleged violations of the Racketeer Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. § 1961, *et seq.* (2005), against fifty-six defendants, including state and federal prosecutors and judges, F.B.I. agents, and police officers, in the United States District Court for the District of Columbia. In that court, three defendants filed motions to dismiss, and one of the three paired his motion with a motion to transfer the case to the United States District Court for the District of New Jersey. The case was transferred, and soon thereafter, Concepcion filed motions to amend his complaint, to recuse the District Court judge, and for summary judgment. Not long after Concepcion filed those motions, the federal government employees named as defendants (as listed in the District Court's Memorandum & Order) filed a motion to dismiss the complaint pursuant to 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 8, and a motion to enjoin Concepcion from filing further lawsuits in the United States District Court for the District of New Jersey without permission

of the Court. The state prosecutorial defendants (as named in the District Court's Memorandum & Order) filed a motion to dismiss pursuant to Rule 12(b)(6), or, in the alternative, Rule 56 of the Federal Rules of Civil Procedure.

The District Court judge declined to recuse. The District Court granted the motions of the federal employees and the state prosecutors; denied all of Concepcion's other pending motions, including those listed above, as well as discovery motions, a motion for appointment of counsel, and a motion for summary judgment; and dismissed Concepcion's complaint in its entirety. The District Court also ordered Concepcion to show cause why he should not be barred from filing further claims in the District Court's jurisdiction without leave of the Court.

Concepcion appeals. Two groups of defendants-appellees, the federal government employees and the state prosecutors, each filed a motion for summary affirmance. Three other defendants, joining in and relying on the arguments of the federal government employees and the state prosecutors, also filed motions for summary affirmance. Because there is no substantial question on appeal, we will grant the motions for summary affirmance, and the District Court's order will be summarily affirmed.

■ First, Judge Brown, the District Court judge, did not abuse his discretion in declining to recuse. Concepcion, purporting to proceed under 28 U.S.C. § 144 and 28 U.S.C. § 455, argued that Judge Brown should recuse because, as a former "debtor-party" in *United States v. Day*, D.N.J. C.A. No. 02–05009, Judge Brown had "personal interests which could reasonably be presumed to prejudice or bias his ability to impartially adjudicate this case," as well as personal knowledge about the disputed evidence in Concepcion's RICO Act lawsuit, and a financial interest that could be affected by its outcome. Concepcion also contended that Judge Brown should recuse because he was "the subject of 'Rider' to the 'Security Agreement' of Roger Charles Day, Jr."

First, Concepcion did not meet the procedural requirements of § 144. Concepcion did not file his motion within 10 days of the transfer of his case to Judge Brown, and failed to present facts in the proper form of an affidavit, deficiencies that provided grounds for denial of Concepcion's motion under § 144. *See* 28 U.S.C. § 144 (2005); *GMC v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 336 (3d Cir.2001); *Simonson v. Gen. Motors Corp.*, 425 F.Supp. 574, 578 (E.D.Pa.1976) (citing *U.S. v. Clark*, 398 F.Supp. 341, 362 (E.D.Pa.1975), *aff'd*, 532 F.2d 748 (3d Cir.1976)).

Second, recusal is not necessary because a reasonable person, with knowledge of the relevant facts and circumstances, would not doubt the District Court judge's impartiality. *See Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir.1987). Judge Brown's impartiality would not be put into question because of a case involving Concepcion and/or Roger Charles Day, Jr., in a separate (and now-closed) case before a different judge. The United States, not Judge Brown, pursued Concepcion in that case. Judge Brown was just one of many who may have benefitted—quite modestly— from the default judgment awarded to the government. Furthermore, that case did not make Judge Brown privy to extrajudicial knowledge relevant to the unrelated RICO Act claims in Concepcion's case. Judge Brown also does not have a financial interest that could be affected by the outcome of Concepcion's case.

■ The District Court's order dismissing Concepcion's complaint was proper. To the extent that Concepcion sought to impose RICO criminal liability on the de-

fendants, he lacked standing to proceed. *See U.S. v. Friedland,* 83 F.3d 1531, 1539 (3d Cir.1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.").

 Furthermore, as the District Court concluded, Concepcion's civil RICO Act claims had to be dismissed under 28 U.S.C. § 1915A.[1] Despite generally alleging that defendants conspired to commit all manner of fraud, as well as to engage in bribery, extortion, obstruction of justice, witness tampering, kidnapping, false arrest, false imprisonment, slavery, peonage, breach of contract, and forgery, *see, e.g.,* Complaint at § PPP, ¶ 17(a)-(m), Concepcion did not explain, as was required, how defendants participated in a pattern of racketeering activity in violation of the RICO Act. *See Tapia–Ortiz v. Winter,* 185 F.3d 8, 11 (2d Cir.1999). In fact, Concepcion did not include specific allegations of objectionable actions for many of the defendants.

 Moreover, Concepcion's allegations targeted those who had represented, arrested, or prosecuted him, and those who had presided over, or were otherwise involved, in his criminal or civil proceedings or their outcomes. *See* Complaint at § CCC, ¶ 1(A)-(Z)(30)). Such allegations, made to retaliate against and harass defendants, were malicious. *See Tapia–Ortiz,* 185 F.3d at 11.

 Similarly, the District Court did not abuse its discretion by refusing Concepcion leave to amend his complaint. Leave to amend should be granted unless amendment is futile or inequitable. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 106 (3d Cir.2002). Based on the nature of the allegations and the time that had passed since the complaint was originally filed, the District Court had reason to determine that an amendment would be both futile and inequitable. Although Concepcion argues on appeal that he should have been permitted to amend his complaint as a matter of course, *see* FED. R. CIV. P. 15(a) (2005), he filed a motion for leave to amend instead of just filing an amended complaint. Accordingly, we treat this as a case in which leave to amend was required. *See Centifanti v. Nix,* 865 F.2d 1422, 1431 (3d Cir.1989) (so holding).

 The District Court did not abuse its discretion by ordering Concepcion to show cause why he should not be enjoined from filing additional claims in the United States District Court for the District of New Jersey without leave of the Court.[2] The District Court considered that Concepcion has filed meritless RICO claims in other District Courts against many of the same defendants, among others. Also, the District Court gave Concepcion notice and an opportunity to respond when it issued its order, which was a type of order within the scope of the All Writs Act. *See Brow v.*

---

1. In addition, for the reasons detailed by the District Court, Concepcion's complaint did not comply with Rule 8. *See Hartz v. Friedman,* 919 F.2d 469, 471 (7th Cir.1990). The surplusage in the 80–page complaint included discussions about irrelevant statutes, the alleged invalidity of birth certificates, terms such as "legal fiction," and proper punctuation as set forth in a N.A.S.A. handbook.

2. We do not consider the validity of the later order enjoining Concepcion from filing further claims in the United District Court for the District of New Jersey. The issue is out-

side the scope of Concepcion's notice of appeal. Furthermore, Concepcion did not appeal from the order when he submitted, to the District Court, a copy of the injunction marked with the words "refuse for fraud without dishonor U.C.C. 3–501." Even if the filing requirements are liberally construed, his submission did not include the necessary contents of a notice of appeal, *see* Fed. R.App. P. 3(c), that are required to give notice of an appeal to the other parties and the District Court. *See Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992).

*Farrelly,* 994 F.2d 1027, 1038 (3d Cir. 1993); *In re Oliver,* 682 F.2d 443, 445 (3d Cir.1982).

■ Because Concepcion's claims were properly dismissed pursuant to 28 U.S.C. § 1915A, the District Court committed no error in denying Concepcion's other motions. Summary judgment in Concepcion's favor was not warranted. Also, the District Court did not abuse its discretion when it denied motions related to discovery, specifically, the motion for the release of grand jury transcripts and the motion to compel production of information about certain defendants, or motions related to the control of its docket, such as the motion for reconsideration of the Magistrate Judge's order granting leave to file a motion to dismiss, the motion to compel the U.S. Marshal to serve process on certain defendants, and the motion for leave to answer any filed motions.

For the reasons set forth above, and because no substantial question is presented on appeal, we will grant the motions for summary affirmance, and will affirm the District Court's order. *See* I.O.P. 10.6.