# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 05-2096

————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff–Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Ronald E. Robinson, | * | |
| | * | |
| Defendant–Appellant. | * | |

————

Submitted: December 13, 2005
Filed: March 2, 2006 (corrected 3/15/06)

————

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

————

BENTON, Circuit Judge.

Ronald Eugene Robinson was convicted of income tax evasion under 26 U.S.C. § 7201. On appeal, Robinson challenges the district court's[1] refusal to grant a mistrial after allowing the judge's nephew to testify, the court's denial of certain agency documents during discovery, the prosecutor's conduct at trial, the admission of an incorrect summary of gross receipts, and the denial of his motion for mistrial based on an Internal Revenue Service agent's testimony. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

I.

Ronald Eugene Robinson owned "Robinson Masonry." In 1997, the Internal Revenue Service notified him that he failed to file returns for 1995 and 1996. Although he eventually agreed to assessments for those years, Robinson did not make any payments.

Subsequently, Robinson failed to file returns for 1997, 1998 and 1999, even though his gross income exceeded $1.7 million during that time. Robinson also purchased several cars, titled in his brother's name, and conducted many personal and business transactions in cash.

Both during discovery and at trial, Robinson's attorney made several requests for investigative interview memoranda, an IRS Special Agent report, and Department of Justice memoranda, all of which were denied by the court. At trial, Robinson did not make any stipulations, requiring prosecutors to call more than 30 of his customers to establish they had submitted 1099 "Miscellaneous Income" forms to Robinson and the IRS.

Robinson was convicted and now appeals.

II.

A.

First, Robinson argues that the judge should have recused himself after his nephew testified. This court reviews recusal decisions for abuse of discretion. *See Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). Robinson claims the judge failed to recuse himself as required by 28 U.S.C. § 455(b)(5)(iv):

(b) He shall also disqualify himself in the following circumstances:

. . .

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

. . .

(iv) Is to the judge's knowledge likely to be a material witness in the proceedings.

Under this provision, recusal is mandatory. *See **United States v. Tucker***, 82 F.3d 1423, 1426 (8th Cir. 1996).

One of the "customer" witnesses was a nephew of the judge, "a person within the third degree of relationship." This court does not need to determine whether the witness was material, however, because even if he were, it is harmless error. *See **Liljeberg v. Health Servs. Acquisition Corp.***, 486 U.S. 847, 862 (1988) ("As in other areas of law, there is surely room for harmless error committed by busy judges who inadvertently overlook disqualifying circumstances."); **In re *Fletcher***, 424 F.3d 783, 794 (8th Cir. 2005); *see also **Harris v. Champion***, 15 F.3d 1538, 1571 (10th Cir. 1994) (extending *Liljeberg*'s harmless error analysis to § 455(b)); ***Parker v. Connors Steel Co.***, 855 F.2d 1510, 1527 (11th Cir. 1988) (same). The nephew was one of 34 witnesses who testified that they conducted business with Robinson. He provided copies of his 1099 form and cancelled checks to the court, proving the amounts paid to Robinson for masonry services. This evidence would have been admitted by any judge, and could have been proven, if necessary, through other means. Therefore, the error was harmless and Robinson was not prejudiced.

B.

Next, Robinson claims he is entitled to the government's reports, memoranda and internal documents relating to its computations of his gross income and gross

-3-

receipts.  This court reviews the denial of a discovery motion for abuse of discretion.  *See United States v. Lindsey*, 284 F.3d 874, 877 (8th Cir. 2002).

"'[R]eports, memoranda, or other internal government documents' created by a government agent in connection with the investigation or prosecution of the case are immune from discovery."  *United States v. Wipf*, 397 F.3d 632, 637 (8th Cir. 2005), *quoting* **Fed. R. Crim. P. 16(a)(2)**; *see also United States v. Roach*, 28 F.3d 729, 734 (8th Cir. 1994).  In addressing government documents with net worth and tax calculations, the Second Circuit stated, "Since Rule 16 clearly recognizes 'the prosecution's need for protecting communications concerning legitimate trial tactics,' . . . we hold that the district court did not abuse its discretion in ruling that the analysis of tax liability was not discoverable under Rule 16 . . . ."  *United States v. Koskerides*, 877 F.2d 1129, 1133–34 (2d Cir. 1989) (citations omitted).

In this case, Robinson sought to discover internal documents used by the government to calculate gross receipts, business expenses and taxes owed by Robinson.  He argues that the denial of the government's investigative materials and documents "made trial preparation extremely difficult."  While this may be true, there is no question that the information was not material to preparing Robinson's defense.  As the district court noted, he was provided sufficient information and could obtain additional information through cross-examination.  The court did not abuse its discretion in determining that the tax liability computations were "reports, memoranda, or other internal government documents made . . . in connection with investigating or prosecuting the case," and thus not subject to disclosure under Fed. R. Crim. P. 16(a)(2).

## C.

Robinson also asserts he was prejudiced by the prosecutor's misconduct.  Robinson does not point to any place in the record, and this court finds none, where

he objected at trial to the prosecutor's misconduct or moved for mistrial based on prosecutorial misconduct. Therefore, this court reviews for plain error. *See United States v. Ehrmann*, 421 F.3d 774, 783 (8th Cir. 2005). Under plain error review, this court will reverse only if there is 1) error 2) that is plain and 3) affects the defendant's substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993). In addition, the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Id*. "To obtain a reversal for prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial." *Ehrmann*, 421 F.3d at 783, *quoting United States v. King*, 36 F.3d 728, 733 (8th Cir. 1994).

Robinson alleges several instances of prosecutorial misconduct, none of which substantially prejudiced his rights in obtaining a fair trial. First, Robinson argues the prosecutor's 1999 tax liability calculations did not include a deduction for payroll expenditures listed in a 1999 payroll book. However, he had a copy of this book, it was introduced into evidence, and he cross-examined the IRS agents about it, so he suffered no prejudice. Second, as discussed, the government was not required to disclose its internal documents under Fed. R. Crim. P. 16(a)(2), so there is no error. Third, Robinson claims prejudice because at a pretrial hearing (out of the presence of the jury), the prosecutor expressed his concern to the court that the defendant's attorney was providing ineffective assistance. Robinson cites no cases to support his argument. There is no error.

Fourth, he asserts the prosecutor made inaccurate statements to the court when he stated that a summary of the gross receipts was based on the evidence presented at trial. Again, though, Robinson cites no case law for his position. There is no plain error. Next, he contends it was misconduct for the prosecutor to argue that the judge did not have to recuse himself. As explained, Robinson was not prejudiced by the non-recusal. Also, Robinson asserts that the indictment, which was read to the jury, included an allegation that the defendant owned a boat in the name of a nominee. The

government provided no evidence of this claim at trial. There is no error, however, because Robinson admits that the jury was instructed that the indictment was not evidence. Thus, there is no prejudice. Additionally, he contends the prosecutor failed to introduce evidence beneficial to the defense, specifically the files of Robinson's accountant. However, Robinson had the opportunity to cross-examine his accountant and, as the government notes, could have introduced the files and records himself. The government was under no obligation to introduce this evidence on behalf of the defendant, so there is no error. Finally, Robinson argues the government knew he had non-taxable insurance proceeds. The government states that none of these proceeds is included as income, and, in any event, there is no prejudice because the defendant introduced this information into evidence anyway.

D.

Next, Robinson claims the court erred in admitting a summary of gross receipts that was based on indictment figures rather than evidence before the court. This court reviews a district court's decision to admit evidence for abuse of discretion. *See United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005).

It is true that the "testimony of a summary witness may be received so long as she bases her summary on evidence received in the case and is available for cross-examination." *United States v. King*, 616 F.2d 1034, 1041 (8th Cir. 1980). In the present case, when Robinson objected to the summary chart, the court stated:

> I'm going to give you considerable leeway on cross examination for you to demonstrate to the jury that you feel that these records are not correct, but the objection is overruled. I'm going to afford you an opportunity to cross examine the witness to point out whatever you want to point out to this jury that this document is not correct.

The court gave Robinson the opportunity on cross-examination to demonstrate the chart's inaccuracy. Robinson's objection to the testimony goes to its weight rather than its admissibility. *See Diesel Mach., Inc. v. B. R. Lee Indus., Inc.*, 418 F.3d 820, 837 (8th Cir. 2005). Thus, the court did not abuse its discretion in admitting the chart.

E.

Finally, Robinson asserts the court should have granted his motion for mistrial based on an IRS agent's testimony. A court's decision to admit evidence is reviewed for abuse of discretion. *See Looking Cloud*, 419 F.3d at 785. According to the transcript of the defendant's cross-examination regarding the gross income calculations on the agent's summary chart:

> Q. Well, the only thing that's important in this case is the testimony and documents before this trial or before this court.
> A. Right.
>
> Q. So you don't know if that amount has come into evidence or not, do you?
> A. I believe that that amount is based on that stack of documents that was all presented by the witnesses who have testified previously.
>
> Q. So you believe the whole amount has been received into court?
> A. To be honest no, I believe there's probably a lot more income that's out there.

Robinson's attorney then objected to the witness's testimony, and now claims it was an "unresponsive and uninvited intentional inflammatory statement" that was "made with for [sic] the purpose to prejudice the jury."

However, as the court correctly noted, the witness directly responded to counsel's question. Robinson's attorney asked what he believed, and the witness

told him.  A witness's truthful response to counsel's own question is not grounds for a mistrial.  *Cf.* ***United States v. Balfany***, 965 F.2d 575, 583 (8th Cir. 1992) ("Although this portion of Bordeaux's hearsay testimony was potentially prejudicial, Balfany waived any objection to it because he elicited the damaging testimony through his own questioning of Bordeaux."); ***United States v. White***, 794 F.2d 367, 369 (8th Cir. 1986) ("The government did not introduce the statement but White's defense counsel read the statement in its entirety on cross-examination. In this situation, we believe that White has waived his objection to the admission of the statement.").  The court did not abuse its discretion in admitting the IRS agent's testimony.

III.

The judgment of the district court is affirmed.

_____