ALD-202                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2021
_____

ALBERTO CONCEPCION,
                                                    Appellant

v.

FEDERAL BUREAU OF PRISONS;
U.S. DEPARTMENT OF JUSTICE; E.MCKINNON;
C.ATKINSON; C.FIELDS; T. SIMMS; R. CENTENO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-10-cv-03899)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

( filed: June 14, 2011 )
_____

OPINION
_____

PER CURIAM

       In 2005, the District Court entered an order enjoining Alberto Concepcion from

filing further claims in the United States District Court for the District of New Jersey

without leave of the District Court.  Concepcion did not appeal from that order.  See

Concepcion v. Resnik, 143 F. App'x 422, 427 n.2 (3d Cir. 2005).

In July 2010, Concepcion asked for permission to file a complaint in the District Court. The District Court directed Concepcion to submit a copy of a proposed complaint that alleged facts showing good cause for filing it in light of the 2005 injunction.

In August 2010, Concepcion presented a complaint to the District Court (he again submitted it in September 2010). He sought to sue the Federal Bureau of Prisons ("BOP") and several BOP employees. In his complaint, he challenged the BOP's collection of a fine imposed on him at the time of his conviction; he took issue with aspects of the BOP grievance policy (for example, the requirement that only one issue be presented per grievance) and its application (arguing he should have been allowed several times to bypass the ordinary process because his claims were of a sensitive nature); and he complained that BOP employees purportedly fabricated several incident reports against him, describing in particular an incident in which he was removed from the chow line, handcuffed roughly, and later transferred to different housing unit where he was deprived of commissary, visiting, and phone privileges for a month on the grounds that he had disobeyed orders and had interfered with the performance of an employee's duties).

The District Court then ordered Concepcion to show cause in writing why his request to file his complaint should be granted. The District Court asked for 1) a sworn affidavit that the facts upon which the claims were based were true and 2) a clear statement of the legal bases for his claims. The District Court warned Concepcion that if

he did not show good cause, his request to file his complaint would be denied.

In response, Concepcion filed a declaration upon penalty of perjury under 28 U.S.C. § 1746 that the defendants violated his constitutional rights by interfering with his ability to file grievances, by "assaulting" him and once denying him lunch before placing him a special housing unit, and by creating records and falsifying incident reports and evidence against him. In support, he cited sections of his complaint.

The District Court concluded that Concepcion's response to the order to show cause did not comply with its order and failed to show good cause for filing the complaint. Concepcion appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order enforcing its injunction for an abuse of discretion. See International Union, United Auto., etc. v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir.1987). An "abuse of discretion exists where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Id.

We note initially that we proceed on the basis that the injunction is valid and may be enforced. As we have explained before, "[a]ccess to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982). However, no person is entitled to abuse the judicial process. See id.; see also Abdul-Akbar v. Watson, 901 F.2d 329, 333-34 (3d Cir. 1990) (approving an injunction that required a litigant to show that he presented new claims, based on true facts, that he did

3

not believe to be foreclosed by controlling law).  Concepcion, against whom the injunction was imposed because of his pursuit of vexatious and malicious litigation, lost the opportunity to have us review the injunction when he failed to timely appeal it.

Upon review of this matter, we will summarily affirm the District Court's order because no substantial question is raised on appeal.  See Local Rule 27.4; I.O.P. 10.6. The District Court did not abuse its discretion in concluding that Concepcion did not show good cause for filing his complaint.  Although Concepcion filed the equivalent of sworn affidavit, see 28 U.S.C. § 1746, in which he claimed that his allegations were true, Concepcion did not articulate an actionable legal basis for his claims and none is apparent.

For example, the BOP could not unilaterally change the amount and timing of Concepcion's fine payment.  See United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). Furthermore, some of his claims, like his repeated contentions that the defendants "fabricated" incidents which led to his transfer to different housing units and the reduction of privileges for a month were not plausible when read in the context of his complaint and its attachments and when considered in light of our judicial experience and common sense.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Furthermore, although Concepcion mentioned due process in his response to the order to show cause, he had no protected state-created or independent liberty interest in retaining his custody status or the privileges he temporarily lost.  See Sandin v. Conner,

4

515 U.S. 472, 484 (1995); Meachum v. Fano, 427 U.S. 215, 224 (1976); Renchenski v. Williams, 622 F.3d 315, 325 (3d Cir. 2010). His transfer to different housing units and reduction in privileges were not atypical or significant hardships or severe changes in the conditions of his confinement. See Sandin, 515 U.S. at 486; Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997); see also Evans v. Sec'y Pa. Dep't of Corrections, ___ F.3d ____, slip op. at 32-33 (3d Cir. May 16, 2011, No. 09-2657) (listing examples of severe changes in conditions of confinement). He also could not bring an independent claim based on his complaints about the prison grievance procedures. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases).

Also, although "the deliberate and unnecessary withholding of food essential to maintain normal health can violate the Eighth Amendment," see Foster v. Runnels, 554 F.3d 807, 815 n.5 (9th Cir. 2009), Concepcion did not state a claim when he alleged that he did not get lunch one day. He also did not allege an actionable Eighth Amendment violation based on the episode in which he was treated roughly when he was being handcuffed. Of course, prison officials may not use excessive force against prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). But, under the circumstances that Concepcion himself describes in his complaint, the force used was not excessive.

In short, the District Court did not abuse its discretion in concluding that Concepcion did not show good cause for filing his complaint. Accordingly, we will summarily affirm the District Court's order.

5