IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 16-20322

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2016

Lyle W. Cayce
Clerk

RICHARD A. HAASE; AUDREY L. HAASE,

Plaintiffs - Appellants

v.

COUNTRYWIDE HOME LOANS, INCORPORATED; BANK OF AMERICA,
N.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE;
MORGAN STANLEY ABS CAPITAL I, INCORPORATED; BARRETT
DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.; CERTIFICATE HOLDERS
FOR MORGAN STANLEY ABS CAPITAL I, INCORPORATED TRUST 2006-
HE6, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-HE6;
UNITED STATES OF AMERICA; FIFTH CIRCUIT COURT OF THE
UNITED STATES OF AMERICA; HONORABLE GARY MILLER;
HONORABLE E. GRADY JOLLY; HONORABLE ANTONIN SCALIA;
DEUTSCHE NATIONAL BANK AND TRUST COMPANY,

Defendants - Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before SMITH, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Appellants Richard and Audrey Haase appeal the district court's
dismissal of their suit against multiple defendants. The "Fifth Circuit Court
of the United States of America" is among the named defendants in that suit,

apparently due to this court's role in a prior proceeding involving the appellants. The appellants have not filed an opening brief on appeal; instead, they move to transfer this appeal to another circuit, contending that because they named the entire court in their lawsuit, all of this court's judges are biased and therefore may not adjudicate the case. Alternatively, the appellants move for an extension of time to file their brief. Appellees Countrywide Home Loans, Inc.; Bank of America, NA; and Deutsche Bank National Trust Company move to dismiss the appeal for want of prosecution. We deny the appellants' motion to transfer and the alternative motion for an extension of time, and we grant the appellees' motion to dismiss.

First, as to the motion to transfer the case, federal judges are generally precluded from adjudicating a proceeding if they are a party to the proceeding or if they have a personal bias or prejudice concerning a party. 28 U.S.C. § 455(b). However, under the Rule of Necessity, judges may decide a case even if they have a personal interest in it if "the case cannot be heard otherwise." *United States v. Will*, 449 U.S. 200, 213 (1980); *accord Ignacio v. Judges of the United States Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1163 (9th Cir. 2006). The appellants correctly suggest that disqualification of every judge whom they accuse of bias would allow no judge on this court to adjudicate the case. Accordingly, the Rule of Necessity qualifies the judges of this court to both hear and decide this appeal. *See Will*, 449 U.S. at 213; *see also In re City of Houston*, 745 F.2d 925, 930 n.9 (5th Cir. 1984) (under the Rule of Necessity, "where all are disqualified, none are disqualified" (citation and internal quotation marks omitted)).

The existence of qualified judges in other circuits does not undercut the applicability of the Rule of Necessity and does not require transferring the case where an appellant indiscriminately names all judges on a court or, as here,

the court itself as defendants. *E.g.*, *Ignacio*, 453 F.3d at 1164-65; *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999); *see also City of Houston*, 745 F.2d at 930-31 n.9 (noting that an otherwise disqualified judge can invoke the rule of necessity to hear a case if all judges in his district are disqualified even if there are qualified judges in other districts).

Second, as to the appellants' alternative motion for an extension of time to file their brief, the appellants' brief on appeal was due on August 24, 2016. Under our Fifth Circuit Rule 31.4.1(a), "the clerk must receive a request for extension at least seven days before the due date, unless the movant demonstrates, in detail, that the facts that form the basis of the motion either did not exist earlier or were not and with due diligence could not have been known earlier." Here, the clerk received the appellants' motion for an extension on August 26, two days after the due date, and the appellants do not even attempt to make the required showing under Rule 31.4.1(a).

Accordingly, the appellees' motion to transfer is DENIED, their alternative motion for an extension of time is likewise DENIED, and the appellees' motion to dismiss is GRANTED. The appeal is DISMISSED for want of prosecution.

IT IS SO ORDERED.