CLD-251                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3869
_____

UNITED STATES OF AMERICA

v.

ALBERTO CONCEPCION, a/k/a Bert,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-99-cr-00753-001)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2020
Before:  JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

Alberto Concepcion appeals from an order of the United States District Court for

the District of New Jersey, which denied motions that he filed in his criminal case.[1]  The

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
[1] In 2000, Concepcion pleaded guilty to one count of conspiring to distribute heroin, and

Government has filed a motion for summary action. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

In 2005, the District Court entered an order enjoining Alberto Concepcion from filing further claims in the United States District Court for the District of New Jersey without leave of the District Court. Concepcion did not appeal from that order. See Concepcion v. Resnik, 143 F. App'x 422, 426 n.2 (3d Cir. 2005).

In 2017, Concepcion filed two motions for disclosure of information from his criminal proceedings. Dkt. ##147, 148.[2] In 2019, he filed a motion to correct the presentence investigation report that was used in his criminal proceeding. Dkt. #153. Concepcion did not ask the District Court for permission to file any of these motions. The District Court denied these three motions because Concepcion did not seek leave to file them, and alternatively, because they lacked merit. Dkt. #155. Concepcion appealed and filed a document in support of his appeal. The Government then filed its motion for summary action.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order enforcing its injunction for an abuse of discretion. Cf. City of Philadelphia

---

the District Court sentenced him to 325 months of imprisonment. We affirmed the judgment at C.A. No. 00–2132.

[2] These motions sought dates of grand jury proceedings and copies of the indictment, criminal complaints, and warrants, and other "ministerial records" from his criminal proceeding.

v. Att'y Gen., 916 F.3d 276, 284 (3d Cir. 2019). "[T]o find an abuse of discretion the District Court's decision must rest on a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." In re Nat'l Football League Players' Concussion Injury Litig., No. 19-2085, 2020 WL 3118232, at *4 (3d Cir. June 12, 2020) (internal quotation marks and citation omitted).

We conclude that the District Court did not abuse its discretion, as Concepcion did not follow the unchallenged court order, which enjoins him from filing motions without advance permission. See Chipps v. U.S. Dist. Court for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). Further, we agree with the District Court that Concepcion failed to explain why he required documents or information from his criminal proceeding, which became final almost 20 years ago.[3]

For these reasons, we will summarily affirm the District Court's judgment.

---

[3] Even if we were to reach the question whether Concepcion's presentence investigation report in this matter contains an error, any such error would have no effect on his sentence. To the extent Concepcion was attempting to challenge his conviction or sentence, the District Court lacked jurisdiction to consider a second or successive § 2255 motion without prior authorization of this Court. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).