ELD-006                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1954
_____

CALVIN D. WILLIAMS,
                                        Appellant

v.

CHRISTOPHER S. SONTCHI;
SAMSON RESOURCES CORPORATION, et al
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-19-cv-02306)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2020
Before:  PORTER, SCIRICA, and NYGAARD, Circuit Judges

(Opinion filed: December 29, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Calvin D. Williams appeals from the order of the District Court dismissing his complaint. We will affirm.

I.

Williams's present claims arise from the bankruptcy proceeding of Samson Resources Corporation, which we addressed most recently in In re Samson Resources Corp., 786 F. App'x 364 (3d Cir. 2019), cert. denied, No. 19-8865, 2020 WL 5883218 (U.S. Oct. 5, 2020). That bankruptcy involved, inter alia, Samson's working interest in a mineral-rights lease executed by Williams's great-grandfather. During the bankruptcy, Williams twice contested the validity of the lease, and the Bankruptcy Court twice held an evidentiary hearing and rejected his challenges.

Williams appealed the Bankruptcy Court's first ruling, but the District Court dismissed his appeal as untimely and we affirmed. See In re Samson Res. Corps., 726 F. App'x 162, 165 (3d Cir.), cert. denied, 139 S. Ct. 340 (2018). Williams also appealed the Bankruptcy Court's second ruling, but the District Court affirmed, in part on collateral estoppel grounds, and we affirmed as well. See In re Samson Res. Corp., 786 F. App'x at 366. In both appeals, Williams unsuccessfully sought rehearing en banc in our Court before seeking certiorari, which the United States Supreme Court denied.

While seeking rehearing of his second appeal in our Court, Williams also filed with the District Court the civil action at issue here. Williams named as defendants Samson and the Bankruptcy Judge who issued the first ruling referenced above. He alleged in

2

conclusory fashion that Samson submitted fraudulent evidence during a 2016 hearing and that the Bankruptcy Judge violated his constitutional rights by "ignoring" his own evidence, which he claimed should have won his case. He also attributed the rulings against him to racial discrimination.

The District Court screened Williams's in forma pauperis complaint before service and dismissed it as legally frivolous under § 1915(e)(2)(B)(i). The District Court reasoned, among other things, that Williams's claims based on the 2016 hearing are barred by the applicable statutes of limitations and that the Bankruptcy Judge is entitled to judicial immunity. The District Court also dismissed Williams's pending motions, including two motions to amend his complaint. Williams appeals.[1]

II.

We will affirm largely for the reasons explained by the District Court as further

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) to the extent that the dismissal turned on legal issues, as it did here. See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020); Ball v. Famiglio, 726 F.3d 448, 462 n.18 (3d Cir. 2013), abrogated in part on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759 (2015). Regarding amendment, the District Court dismissed Williams's motions to amend as moot but also concluded that amendment would be futile. Williams did not require leave to amend because his complaint had not yet been served. See Fed. R. Civ. P. 15(a)(1). Nevertheless, the standard for futility of amendment is the same as the standard for legal sufficiency under Fed. R. Civ. P. 12(b)(6). See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018). Thus, we regard Williams's complaint as having been amended, and we construe the District Court's order as concluding that his amendments failed to state a claim. Our review of that issue is plenary as well. See id.

3

elaborated below. Only one other issue requires discussion on appeal. In Williams's motions to amend, he sought to add as defendants: (1) the successor Bankruptcy Judge; (2) the District Judge who presided over Williams's bankruptcy appeals and this lawsuit; and (3) the judges of our Court who participated in his prior appeals, either by serving on the panels that decided those appeals or by voting on rehearing en banc. Williams did not raise any specific allegations against these defendants beyond the fact that they participated in various aspects of the prior adjudications that proved unfavorable to him. The District Court concluded that these defendants, like the initial Bankruptcy Judge, are entitled to judicial immunity.

Williams argues that the District Judge should instead have disqualified himself once Williams sought to add him as a defendant. Federal judges are indeed disqualified from any proceeding to which they are a party. See 28 U.S.C. § 455(b)(5)(i).[2] Some courts have held that a judge is disqualified under § 455(b)(5)(i) only when "there is a

---

[2] Given our conclusion that Williams amended his complaint, we assume that the District Judge was a "party" for this purpose. The same applies to the judges of this Court who participated in Williams's prior appeals. Ordinarily, that circumstance would disqualify all of this Court's active judges, which would in turn preclude composition of a panel to hear this appeal. See 3d Cir. IOP 3.1. Williams, however, has not asked any judge of this Court to recuse. We decline to do so sua sponte and instead hear this appeal pursuant to the "rule of necessity" that generally precludes a litigant from disqualifying an entire Court of Appeals. See, e.g., Haase v. Countrywide Home Loans, Inc., 838 F.3d 665, 666-67 (5th Cir. 2016) (per curiam); Glick, 803 F.3d at 508-09; Tapia-Ortiz v. Winter, 185 F.3d 8, 10-11 (2d Cir. 1999) (per curiam). We note that, of the members of this panel, only Judge Porter participated in either of William's prior appeals and his participation was limited to voting on rehearing in the second appeal.

legitimate basis for suing the judge"—which in this case, as explained below, there was not. Glick v. Edwards, 803 F.3d 505, 508 (9th Cir. 2015) (quoting Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), aff'd, 894 F.2d 1338 (7th Cir. 1990) (Table), but resolving appeal on other grounds). We do not appear to have addressed that issue.

We need not do so in this case because, even if the District Judge should have disqualified himself, any error in that regard was harmless. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 171 (3d Cir. 2004) (applying harmless error to disqualification under 28 U.S.C. § 455(a)); In re Sch. Asbestos Litig., 977 F.2d 764, 786 (3d Cir. 1992) (same).[3] We reach that conclusion given the judicial defendants' clear entitlement to immunity,[4] the lack of any otherwise plausible claim against those

---

[3] We have not expressly addressed whether disqualification under § 455(b) is subject to harmless-error analysis, but we implicitly decided as much in In re School Asbestos Litigation. In that case, we held that a District Judge was disqualified under § 455(a), and we declined to address whether the judge also was disqualified under § 455(b). See In re Sch. Asbestos Litig., 977 F.2d at 781. We further held that the District Judge's failure to disqualify himself under § 455(a) was harmless. See id. at 786-88. We could not have taken that approach if disqualification under § 455(b) were not subject to harmless-error analysis as well. See Patterson v. Mobil Oil Corp., 335 F.3d 476, 485 (5th Cir. 2003). It appears that every Court of Appeals to have addressed the issue has concluded that it is. See, e.g., id.; United States v. Robinson, 439 F.3d 777, 779 (8th Cir. 2006); Harris v. Champion, 15 F.3d 1538, 1571 (10th Cir. 1994); Parker v. Connors Steel Co., 855 F.2d 1510, 1527-28 (11th Cir. 1988).

[4] As noted above, Williams's only specific allegation against the Bankruptcy Judge was that he "ignored" evidence in ruling against Williams. Williams also raised no specific allegation against the other judicial defendants beyond their involvement in rulings that were adverse to him. These allegations fall squarely within the bounds of judicial

defendants or Samson,[5] and our plenary standard of review over those issues.  See

Selkridge, 360 F.3d at 171; In re Sch. Asbestos Litig., 977 F.2d at 786.

III.

For these reasons, we will affirm the judgment of the District Court.

---

immunity.  See Capogrosso v. N.J. Sup. Ct., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

[5] We agree with the District Court that Williams's claims against Samson based on its alleged submission of fraudulent evidence in 2016 are barred by the applicable statutes of limitations.  Williams has raised nothing suggesting that he could benefit from any alternative commencement date or any form of tolling.  Williams also has not alleged which specific evidence he believes was fraudulent, let alone any facts plausibly suggesting that it was.  More fundamentally, if there were any basis to claim that Samson's evidence was infirm or that any judge erred in concluding otherwise—and we do not suggest that there is—Williams's remedy lay on appeal.