# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3654

_____

United States of America,               *
                                            *

            Appellee,           *

                                            *    Appeal from the United States
        v.                     *    District Court for the
                                            *    District of North Dakota.

Gerald Jerome Johnson,        *

                                            *    [UNPUBLISHED]

            Appellant.           *

_____

Submitted: September 5, 2008
Filed:  September 15, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Gerald Jerome Johnson guilty of distributing more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count I); possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (Count II); and possessing a firearm transported in interstate commerce after he had been convicted of felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count III).  The government filed notice under 21 U.S.C. § 851(a)(1) of its intent to rely on two prior convictions to enhance Johnson's sentence to life in prison:  a federal conviction for distributing 2 ounces of cocaine in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm in violation of 18 U.S.C. § 924(c); and a state conviction for possessing methamphetamine and cocaine, in violation of

N.D. Cent. Code § 19-03.1-23(6) (1997).  The district court[1] sentenced Johnson on Counts I and III to concurrent prison terms of life (the statutory mandatory minimum) and 80 months, respectively; and on Count II to a consecutive prison term of 25 years. The court also ordered forfeiture of $15,150.

On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738, 744 (1967), arguing that the evidence was insufficient to support the verdict, as it was based primarily on the suspect testimony of Johnson's ex-girlfriend; that counsel filed untimely pretrial motions; and that the district court erred by denying motions to disqualify the prosecutor and to suppress evidence from the search of Johnson's residence and trailer.  Johnson has filed a pro se supplemental brief; he also moves to file a second supplemental brief, and we grant this motion.

We conclude the evidence was sufficient to find Johnson guilty on all counts. See United States v. Burdine, 515 F.3d 842, 844 (8th Cir. 2008) (court of appeals reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in favor of government, and accepting all reasonable inferences that support jury's verdict).  It was within the province of the jury, rather than this court, to assess the credibility of witness Nikki Hilde, Johnson's ex-girlfriend.  See United States v. Montano, 506 F.3d 1128, 1133 (8th Cir. 2007) (credibility of witnesses is left to jury to assess); United States v. Thorpe, 447 F.3d 565, 568 (8th Cir. 2006) (witnesses who testified as part of nonprosecution agreements reflects upon their credibility, which is within jury's province to determine); United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (court of appeals will not weigh evidence nor assess credibility of witnesses).

---

[1]The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

Specifically, there was sufficient evidence that Johnson constructively possessed the drugs found in the search of his residence, as he rented the house where they were found, and Hilde's testimony established that he had control over the rooms where the drugs were found, that she had, in fact, previously seen him with the drugs, and that Johnson indicated on March 7 he had bought drugs as planned. The evidence also supported his intent to distribute them, given the large quantity of drugs and cash, as well as equipment to weigh and package the drugs. See United States v. Cuevas-Arrendondo, 469 F.3d 712, 715 (8th Cir. 2006) (elements of possession with intent to distribute are possession and intent to distribute); United States v. Ellefson, 419 F.3d 859, 864 (8th Cir. 2005) (intent to distribute may be inferred from circumstantial evidence such as weighing equipment and large sum of cash, and possession of large drug quantity can be enough by itself to show intent to distribute). There was also sufficient evidence of Johnson's conviction for possessing a firearm in furtherance of drug trafficking, as he had loaded firearms readily accessible in his residence and in the trailer where he divided drugs. See United States v. Hilliard, 490 F.3d 635, 640 (8th Cir. 2007) (elements); United States v. Spencer, 439 F.3d 905, 914-15 (8th Cir. 2006) (upholding possession-in-furtherance conviction where defendant had multiple firearms dispersed through his residence, one was loaded, firearms were near drugs, and firearms were readily accessible to defendant). Finally, the evidence was sufficient to support the felon-in-possession conviction, as Johnson stipulated he was a convicted felon, the government presented evidence of an interstate nexus, the firearms were present in the house Johnson rented and the trailer he owned, and Hilde testified she recognized them as firearms that Johnson owned or showed her. See United States v. Jones, 266 F.3d 804, 813 (8th Cir. 2001) (elements); United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003) (constructive possession of firearm established where suspect had dominion over premises where firearm was located, or had ownership or dominion over firearm itself).

We also find the district court did not err in denying Johnson's motion to suppress evidence obtained during a search of his residence pursuant to the terms of

a probationary sentence he was then serving, which contained his consent to search his residence. At the time, the probation officer had reasonable suspicion, because he had received information from law enforcement personnel that Johnson was involved with illegal drugs and guns. See United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (standard of review); United States v. Brown, 346 F.3d 808, 811 (8th Cir. 2003) (when probationer consents to search condition, his already-reduced expectation of privacy diminishes significantly; government legitimately needs more freedom to search probationers). As to his argument that the search was too broad because it included areas over which Johnson had no control, those areas were searched after a search warrant was obtained, Johnson did not challenge the warrant, and he had no standing to challenge the search based on a claim that he had no control over the areas searched, see United States v. Pierson, 219 F.3d 803, 806 (8th Cir. 2000) (factors relevant to determination of standing to object to search include control of area searched). The claim that counsel submitted untimely pretrial motions can be easily addressed here, as the court's decision to address the motions on the merits cured any prejudice caused by their untimely filing. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (defendant must show both that counsel's performance was deficient and that deficiency prejudiced his defense); United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004) (ineffective-assistance claim may be addressed on direct appeal where record is fully developed).

Johnson's pro se filings raise several additional arguments, which we reject seriatim as meritless. First, the district court did not abuse its discretion in arranging for Johnson to review discovery materials inside the courthouse during breaks in the trial. See United States v. Robinson, 439 F.3d 777, 779 (8th Cir. 2006) (standard of review). Second, although Johnson argues in his pro se brief that the search warrant was not issued until the search had begun, the search was valid at that point based on the probationary search term. Third, there was no plain error in the jury-selection process, as Johnson presents no evidence that one of the jurors was related to his ex-wife, let alone that she was influenced by such a relationship; or that a statement made

by a jury-pool member (later excused) at a sidebar, regarding her belief in his guilt, biased the jury panel.  See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (plain-error review); cf. United States v. Wintermute, 443 F.3d 993, 1003 (8th Cir. 2006) ("Speculation and unsubstantiated allegations do not present a colorable claim of outside influence of a juror.").  Finally, the court did not err, plainly or otherwise, in finding that Johnson had two prior felony drug offenses which subjected him to a mandatory life sentence under section 841(b)(1)(A).  See United States v. Roundtree, No. 07-2607, 2008 WL 2831844, at *5 (8th Cir. July 24, 2008) (felony drug offense is any drug conviction punishable by imprisonment for more than one year; citing 21 U.S.C. § 802(44)).  Johnson's reliance on Lopez v. Gonzales, 127 S. Ct. 628, 627-28 (2006) (addressing meaning of "felony punishable under the Controlled Substances Act" for purposes of 18 U.S.C. § 924(c)(2)), is misplaced.

Upon reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 82-84 (1988), we have found no non-frivolous issues.  Accordingly, we affirm.  We also grant counsel's motion to withdraw, and deny Johnson's motion for new appointed counsel.

_____