# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3345

_____

United States of America

*Plaintiff - Appellee*

v.

Shane Phillip Rodriquez, also known as Shane Phillip Rodriguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: May 31, 2016
Filed: July 19, 2016

_____

Before RILEY, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

After the district court[1] denied Shane Rodriquez's motion to suppress the physical evidence seized from his vehicle, a jury found Rodriquez guilty of possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C.

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

§§ 922(g)(1), 924(a)(2), and 924(e). Rodriquez appeals the denial of his motion to suppress and the resulting conviction, arguing the search of his vehicle, after he was arrested on outstanding state warrants when he stopped briefly at a gas station, was unreasonable under the Fourth Amendment to the U.S. Constitution because "[n]o exception to the warrant requirement existed to justify the warrantless search."

We review "the denial of a motion to suppress *de novo*, and the underlying factual determinations for clear error, giving due weight to the inferences of the district court and law enforcement officials." United States v. Barker, 437 F.3d 787, 789 (8th Cir. 2006). We will uphold the denial "unless it is not supported by substantial evidence, is based on an erroneous interpretation of applicable law, or is clearly mistaken in light of the entire record." United States v. Quinn, 812 F.3d 694, 697 (8th Cir. 2016).

The Fourth Amendment prohibits "unreasonable searches and seizures" by government officials. U.S. Const. amend. IV. "The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." Grady v. North Carolina, 575 U.S. ___, ___, 135 S. Ct. 1368, 1371 (2015) (per curiam); accord Story v. Foote, 782 F.3d 968, 972 (8th Cir. 2015) ("[T]he Fourth Amendment requires a balancing of the need for a particular search against the invasion of personal rights involved.").

"In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." Riley v. California, 573 U.S. ___, ___, 134 S. Ct. 2473, 2482 (2014). This appeal involves the probation-search exception. See United States v. Knights, 534 U.S. 112, 121-22 (2001). At the time of the search in this case, Rodriquez was serving a period of state-supervised probation imposed as part of his punishment for a North Dakota felony conviction. As a condition of his probation, Rodriquez expressly agreed to "submit [his] person,

place of residence and *vehicle*, or any other property to which [he] may have access, to search and seizure at any time of day or night by a parole/probation officer, with or without a search warrant."  (Emphasis added).

That broad search condition—imposed for Rodriquez's prior criminal activity—"significantly diminished [Rodriquez's] reasonable expectation of privacy" in his vehicle, and duly served the state's legitimate interests in preventing, detecting, and punishing additional criminal activity.  Id. at 120-21.  Given that balance of interests, the Fourth Amendment required "no more than reasonable suspicion" that Rodriquez was engaging in criminal activity or otherwise violating the terms of his probation to justify the warrantless search of his vehicle, regardless of the subjective motivation for the search.  Id. at 121-22; accord United States v. Brown, 346 F.3d 808, 811 (8th Cir. 2003) ("[W]hen a probationer is subject to a probationary search condition, the Fourth Amendment permits an officer to search pursuant to that condition without a warrant based only upon that officer's reasonable suspicion that the probationer is violating his probation's terms.").

Applying that standard, the district court concluded the warrantless search of Rodriquez's vehicle was reasonable.  Although Rodriquez argued the circumstances did not support a probation search and the search of his vehicle was really an unlawful search incident to arrest, the district court determined the search was, as the government maintained, a valid probation search supported by reasonable suspicion.

Having thoroughly reviewed the record, we conclude the district court properly denied Rodriquez's motion to suppress.  See Knights, 534 U.S. at 121-22; Brown, 346 F.3d at 811-13.  We agree with the district court that Rodriquez's outstanding warrants, missed probation appointments, and previous admissions by Rodriquez indicating he was involved in illegal drug activity, along with statements from drug task force officers and others about Rodriquez's ongoing drug activity, gave his probation officer reasonable suspicion Rodriquez was breaking the law and violating

-3-

his probation.  See, e.g., United States v. Johnson, 314 F. App'x 897, 899 (8th Cir. 2008) (unpublished per curiam) (deciding a probation officer had reasonable suspicion for a probation search where he "had received information from law enforcement personnel that [the probationer] was involved with illegal drugs and guns").

The search of Rodriquez's vehicle did not violate the Fourth Amendment. Accordingly, we affirm.[2]

_____

_____

[2]Because we conclude reasonable suspicion supported the search of Rodriquez's vehicle, we need not decide "whether the search would have been reasonable under the Fourth Amendment had it been solely predicated upon the condition of probation."  Samson v. California, 547 U.S. 843, 850, 857 (2006) (holding, "albeit in the context of a parolee search," "that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee").