# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3237

_____

United States of America,

*Plaintiff - Appellee,*

v.

Lemarcus Arthur Wright,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 23, 2016
Filed: December 23, 2016

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Lemarcus Wright entered a conditional plea of guilty to a drug trafficking charge, reserving his right to appeal an order of the district court[1] denying his motion

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

to suppress evidence seized during and after a search of his vehicle. Wright has not established a violation of his rights under the Fourth Amendment, so we affirm.

The charge against Wright arose from an investigation of one Victor Brown by the Davenport, Iowa police department. In December 2014, a confidential informant made a controlled purchase of crack cocaine from Brown. A week later, on December 11, the informant notified police that Brown and he would be leaving for Chicago from Brown's residence at seven o'clock that evening with an unknown black male from Clinton, Iowa, to purchase crack cocaine. The informant said that he was supposed to drive the unknown black male's dark-colored sport utility vehicle with Clinton County license plates. Police later identified the unknown companion as Wright.

Based on the informant's report, officers conducted surveillance near Brown's residence beginning at approximately six o'clock. Shortly after 6:30 p.m., police saw a dark-colored SUV with Clinton County license plates approach the home. Brown left the home and entered the SUV. Officers followed the vehicle until it merged onto eastbound Interstate 80 and then discontinued surveillance.

Officers in Davenport reestablished surveillance of an area on Brown's likely return route at 12:45 a.m. on December 12. At approximately 1:30 a.m., officers observed the same dark-colored SUV traveling south on Highway 61 and followed it to Brown's residence. There, Brown and Wright exited the vehicle, walked to the back, opened the rear doors, and rummaged around for several minutes. Brown then entered his residence for a short time; when he returned, both men got back into the SUV. A few minutes later, Brown left the vehicle with a duffel bag and reentered his residence. There is no evidence that the confidential informant accompanied Brown and Wright in the vehicle.

Wright departed Brown's residence in the SUV. Officers followed as Wright made two stops for fifteen to twenty minutes each, without anyone entering or exiting the vehicle, and then arrived at the parking lot of a multi-unit apartment complex. Officers were familiar with the apartment complex from other drug investigations at that address. After waiting for several minutes, the surveillance officers asked a uniformed officer to approach the SUV in a marked squad car and identify the vehicle's occupants.

The uniformed officer drove onto the property, positioned the squad car behind Wright's SUV, and shined a spotlight onto the back window. The officer and Wright exited their respective vehicles, and a conversation ensued. Wright identified himself and said that he was visiting his cousin. The officer smelled burnt marijuana coming from Wright's person. The officer then directed Wright to walk with another officer away from the vehicle for questioning. Wright was eventually placed in the back seat of a squad car.

The uniformed officer then walked around the outside of the SUV, observed a marijuana cigar on the front center console, and smelled marijuana emanating from the vehicle. Several officers searched the vehicle; they seized the marijuana cigar from the console and approximately 113 grams of crack cocaine from the glove compartment. Officers then placed Wright under arrest.

A grand jury charged Wright with possession with intent to distribute cocaine base and conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Wright moved to suppress all evidence seized during the search of his vehicle, any statements he made at the scene or while in police custody, and any data obtained from his cellular telephone. The court orally denied the motion, and Wright entered a conditional plea to the conspiracy charge, reserving his right to appeal the denial.

On appeal, Wright argues that the police violated the Fourth Amendment because they did not have probable cause to enter the apartment complex's curtilage, reasonable suspicion to detain him, or probable cause to search the vehicle. We review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Bearden*, 780 F.3d 887, 892 (8th Cir. 2015).

The Constitution forbids unreasonable searches and seizures, but Fourth Amendment rights are personal rights and may not be vicariously asserted. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). A person challenging the constitutionality of a search must demonstrate a legitimate expectation of privacy in the area searched—that is, he must have a subjective expectation of privacy that society is prepared to recognize as reasonable. *Id.* at 143 & n.12.

Wright lacks standing to challenge the entry into the parking lot of the apartment complex because he did not have a reasonable expectation of privacy in that area. Wright did not own or live at the property; he was not an overnight guest. *Cf. Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990). Wright claimed that his cousin lived at the apartment complex, but Wright cannot vicariously assert Fourth Amendment rights of the cousin. We thus need not address whether the officers' entry into the parking lot was lawful.

Wright also argues that the officers did not have reasonable suspicion to detain him in the parking lot. The uniformed officer's act of shining a spotlight on Wright's car was not a seizure, *United States v. Lawhorn*, 735 F.3d 817, 820 (8th Cir. 2013), and Wright does not claim that the officer effected a seizure by blocking Wright's SUV with the squad car. *Cf. United States v. Tuley*, 161 F.3d 513, 515 (8th Cir. 1998). Therefore, no suspicion was required at the point of the initial conversation between Wright and the uniformed officer. Once the uniformed officer detected an odor of marijuana coming from Wright's person, the officer had probable cause to

arrest Wright and, *a fortiori*, reasonable suspicion to detain him for further investigation.  *United States v. Perdoma*, 621 F.3d 745, 749 (8th Cir. 2010).

In any event, the police had ample reasonable suspicion to justify an investigative stop of Wright in the parking lot.  They received a tip from a known confidential informant that Brown and Wright would be traveling to Chicago to obtain drugs.  They independently verified the details of the tip through surveillance of the SUV when it arrived at Brown's residence, departed the area eastbound on Interstate 80, and returned to Davenport and Brown's residence after a period of time that would have accommodated a round trip to Chicago.  *See Draper v. United States*, 358 U.S. 307, 313 (1959).  The police also saw Wright and Brown act in a manner consistent with drug trafficking when they rummaged around in the back of Wright's vehicle for several minutes at Brown's residence before Brown took a duffel bag into the house.  Wright also drove away from the residence and conducted possible countersurveillance maneuvers until arriving at a location that was known to be associated with drug activity.

Wright complains that the officers lacked probable cause to search his vehicle in the parking lot, but the smell of burnt marijuana and the presence of a marijuana cigar in plain view through the window were sufficient to justify a search for drugs. *United States v. Walker*, 840 F.3d 477, 483-84 (8th Cir. 2016).  No warrant was required for search of the vehicle, *Carroll v. United States*, 267 U.S. 132, 153 (1925), and because the police had probable cause to look for drugs, they properly could search the glove compartment as a place that could conceal the object of their search. *See Wyoming v. Houghton*, 526 U.S. 295, 301 (1999).

In a submission pursuant to Rule 28(j), Wright suggests that officers unlawfully searched his pockets to obtain a key that they used to unlock the SUV.  *See United States v. Craddock*, 841 F.3d 756 (8th Cir. 2016).  Wright did not raise this argument in the district court or in his opening brief on appeal, and it is therefore not properly

before us.  We note, moreover, that before the key was seized, police had probable cause to arrest Wright based on the odor of marijuana coming from his person, *see Perdoma*, 621 F.3d at 749, and it is permissible to search an arrestee's person incident to an arrest.  *Chimel v. California*, 395 U.S. 752, 763 (1969).  That the search of Wright's person for the key preceded the formal arrest does not make the search unlawful under those circumstances.  *See Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980); *United States v. Chartier*, 772 F.3d 539, 546 (8th Cir. 2014); *United States v. Jenkins*, 496 F.2d 57, 73 (2d Cir. 1974).

For these reasons, the district court properly denied Wright's motion to suppress, and the judgment of the district court is affirmed.

_____