**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4066**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRAD EVERETT FORD,

Defendant - Appellant.

**No. 18-4070**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRAD EVERETT FORD,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:16-cr-00211-TDC-1; 8:16-cr-00550-TDC-1)

Submitted:  December 27, 2018                    Decided:  January 9, 2019

Before GREGORY, Chief Judge, NIEMEYER and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Burden H. Walker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Brad Everett Ford of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Ford contends that the district court erred by denying motions to suppress evidence seized as a result of his April 12, 2016, arrest and a subsequent search of his home. We affirm.

"We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the government." *United States v. Bell*, 901 F.3d 455, 474 (4th Cir. 2018) (internal quotation marks omitted).

Ford contends that law enforcement officers seized him, for Fourth Amendment purposes, when they shined a spotlight on his vehicle. We have held that a seizure occurs when "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Black*, 707 F.3d 531, 537 (4th Cir. 2013) (internal quotation marks omitted). Thus, a seizure occurs when officers physically restrain a suspect or show authority in such a way as to convince a suspect that he or she is not free to leave. *See United States v. Stover*, 808 F.3d 991, 995 (4th Cir. 2015).

"Where, as here, physical force is absent, a seizure requires both 'a show of authority' from law enforcement officers and 'submission to the assertion of authority' by the defendant." *Id.* (quoting *California v. Hodari D.*, 499 U.S. 621, 626 (1991)). The mere act of shining a spotlight on a vehicle does not constitute a seizure. *United States v.*

3

*Roberson*, 864 F.3d 1118, 1133-34 (10th Cir. 2017) (Hartz, J., concurring) (collecting cases); *United States v. Wright*, 844 F.3d 759, 762-63 (8th Cir. 2016). And in any event, Ford did not submit to the officer's authority, but fled. We conclude that the district court did not err in denying Ford's motion to suppress.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*