# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1241
_____

United States of America

*Plaintiff - Appellee*

v.

James Valentino Franizer, also known as James V. Frazier

*Defendant - Appellant*

_____

No. 24-1243
_____

United States of America

*Plaintiff - Appellee*

v.

James Valentino Franizer, also known as James V. Frazier

*Defendant - Appellant*
_____

Appeals from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 30, 2024
Filed: November 5, 2024
[Unpublished]
_____

Before LOKEN, SMITH, and KOBES, Circuit Judges.

_____

PER CURIAM.

In these consolidated cases, James Franizer appeals after he pleaded guilty to new drug, firearm, and ammunition offenses, and his supervised release for a prior offense was revoked. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the district court's[1] denial of a motion to suppress. In a pro se brief, Franizer challenges the denial of the suppression motion, counsel's performance, his career-offender designation as it relates to sentencing on the new charges, and the legality of his revocation sentence based on the classification of his original offense of conviction.

Franizer and his counsel challenge the warrantless search and seizure of his car, despite not raising that argument in the motion to suppress and related proceedings. Even if Franizer did not waive the argument by failing to raise it in the district court, however, we find no plain error. See United States v. Pickens, 58 F.4th 983, 987-88 (8th Cir. 2023) (concluding that an issue not timely raised in a pretrial suppression motion was waived, but alternatively reviewing for plain error). Franizer lacked standing to challenge the officers' entry onto the driveway, see United States v. Wright, 844 F.3d 759, 762 (8th Cir. 2016); the officers had reason to approach the car, see United States v. Rodriquez, 829 F.3d 960, 961-62 (8th Cir. 2016); and the officers had probable cause to tow it after observing suspected drugs in plain view, see United States v. Dunn, 928 F.3d 688, 693 (8th Cir. 2019) (credibility determinations made by district court after hearing on motion to suppress are virtually

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa, adopting the report and recommendations of the Honorable Stephen B. Jackson, Jr., United States Magistrate Judge for the Southern District of Iowa.

unassailable on appeal); United States v. Sims, 424 F.3d 691, 693 (8th Cir. 2005) (affirming warrantless tow of car believed to contain evidence of crime). To the extent Franizer claims in his pro se brief that trial counsel provided ineffective assistance during the suppression proceedings, we decline to consider that claim on direct appeal. See United States v. Kuhnel, 25 F.4th 559, 564-65 (8th Cir. 2022).

Next, we conclude that Franizer's pro se challenges to his career-offender designation, only some of which he raised in the district court, fail. See United States v. Burnette, 518 F.3d 942, 945-46 (8th Cir. 2008) (this court ordinarily reviews interpretation and application of sentencing Guidelines de novo, but unobjected-to procedural errors are reviewed for plain error). Franizer's 2002 conviction was punishable by a prison term exceeding one year and was within the applicable time period, see Wis. Stat. §§ 961.41(1m)(h)(1), 939.50(3)(i), 961.49(1)(b)(1) (2002); U.S.S.G. § 4A1.2(e)(1), (k)(2)(A); his arguments that the conviction was too broad have been rejected by this court, see United States v. Bailey, 37 F.4th 467, 469-70, cert. denied, 143 S. Ct. 2437 (2023); United States v. Jefferson, 975 F.3d 700, 707 (8th Cir. 2020); and because the conviction involved intent to distribute marijuana, rather than mere possession, the Guidelines do not provide for a reduction, see U.S.S.G. § 4A1.3 & comment. (n.3(A)) (2023) (allowing criminal-history departure for mere possession of marijuana for personal use). Franizer's challenge to his 2007 predicate conviction also fails, as the conviction has not been vacated.

As to the revocation sentence, even assuming the district court erred when classifying Franizer's original offense of conviction for purposes of determining his maximum sentence, we are satisfied after reviewing the record that any error was harmless, as the district court based its sentence on factors other than the advisory Guidelines, and the revocation sentence falls within the statutory maximums whether the original offense is Class A or Class B. See 18 U.S.C. § 3583(e)(3); Fed. R. Crim. P. 52(a) (any error that does not affect substantial rights is harmless and must be disregarded); Molina-Martinez v. United States, 578 U.S. 189, 200 (2016) (error in

miscalculating Guidelines range is harmless if record shows "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range").

Finally, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488, U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____